UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| YUSEF LANG, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:19cv1967 (KAD) |
| | : | |
| CONNECTICUT DEPARTMENT OF | : | |
| CORRECTIONS/SUPERIOR | : | |
| COURTHOUSE AT WATERBURY, | : | |
| CONNECTICUT, | : | |
|     Defendants. | : | |

## **INITIAL REVIEW ORDER**

On December 13, 2019, the plaintiff, Yusef Lang, an inmate currently confined at Carl Robinson Correctional Institute ("CRCI"), brought this action pursuant to 42 U.S.C. § 1983. [ECF No. 1].[1] In the caption of the complaint, Plaintiff names defendants Connecticut Department of Correction ("DOC") and the Superior Courthouse at Waterbury. Compl. However, in Section C of his complaint, Plaintiff names several other defendants: two Sheriff John Doe defendants, a Sheriff Jane Doe defendant, and two New Haven Correctional Center ("NHCC") Correction Officer John Doe defendants.[2] Plaintiff seeks $50,000 in compensatory

---

[1] Plaintiff is now proceeding *pro se* and *in forma pauperis*.
[2] Federal Rule of Civil Procedure 10(a) provides: "Every pleading must have a caption ... [and] [t]he title of the complaint must name all the parties." Although Plaintiff has not named the Doe defendants in the caption as required by Federal Rule of Civil Procedure 10, the Court considers the complaint to be alleged against the John Doe and Jane Doe defendants named in Section C of the complaint. *See Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) ("We will ... excuse technical pleading irregularities as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party.").
!

1

damages. For the reasons that follow, the Complaint is dismissed without prejudice to filing an amended complaint.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## ALLEGATIONS

On April 1, 2019, Plaintiff appeared in Waterbury Superior Court for his criminal

matter.³ Compl. at ¶ 1. Before his matter was called, he was placed in a holding cell with another prisoner, Perez-Rivera.⁴ *Id.* at ¶ 2. Due to a prior altercation with Perez-Rivera at NHCC, DOC's profile for Plaintiff on the computer system indicates he should be kept separately from Perez-Rivera. *Id.* at ¶¶ 2-3. Shortly after Sheriff Jane Doe⁵ took Plaintiff's handcuffs off and placed him in the cell, Perez-Rivera grabbed Plaintiff's genitals very hard. *Id.* at ¶¶ 3-4. Plaintiff slapped his hand away. *Id.* at ¶ 4. Plaintiff was embarrassed and angry because he had been sexually assaulted and the superior court sheriffs and DOC had failed to protect him from Perez-Rivera. *Id.* at ¶¶ 5, 10.

Perez-Rivera was on the same domestic violence docket as Plaintiff and scheduled to see the same judge. *Id.* at ¶ 10. DOC staff should have notified the courthouse staff about not placing Plaintiff in a cell with Perez-Rivera, and the courthouse staff should also have known this information. *Id.* at ¶¶ 3, 5, 10.

**DISCUSSION**

Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Neither DOC nor the Waterbury Superior Court is a "person" within the meaning of section 1983, "and thus may not be sued pursuant to this statute regardless of whether a state has waived its sovereign immunity." *Smith v. Conn. Dep't of Corr.*, 2014 WL 3824357, at *6 (D. Conn. 2014) (noting states and their agencies are not considered "persons" for purposes of § 1983.); *see also*

---

³On July 9, 2019, Plaintiff received a four-year sentence. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (the Court may "take judicial notice of relevant matters of public record.").
http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=266549
⁴Plaintiff alleges that this individual's name may also be Rivera-Perrez. *Id.* at ¶ 2.
⁵ The Court assumes that the Plaintiff is referring to judicial marshals when he identifies "sheriffs."

*Zuckerman v. Appellate Div., Second Dep't Supreme Court,* 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983).

Plaintiff asserts that the Doe Defendants failed to protect him from Rivera-Perez. As he appears to have been a pretrial detainee at the time of this incident, his claims fall under the Fourteenth Amendment. *See Villar v. Cty. of Erie*, No. 13-CV-467S, 2020 WL 33125, at *4 (W.D.N.Y. Jan. 2, 2020) (Fourteenth Amendment standards apply to pretrial detainee failure to protect claim). To plausibly allege a failure-to-protect claim under the Fourteenth Amendment, a plaintiff must satisfy an objective prong and a *mens rea* prong. *Scott v. Westchester Cty.*, No. 18 CV 7203 (VB), 2020 WL 364251, at *7 (S.D.N.Y. Jan. 22, 2020). To plead the objective prong, a plaintiff must plausibly allege "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To allege the *mens rea* prong, a plaintiff must plausibly allege "that the defendant-official acted intentionally ... or recklessly failed to act with reasonable care to mitigate the risk that the condition posed ... even though the defendant-official knew, or should have known," of the risk. *Id.* 849 F.3d at 35; *see also Villar*, No. 13-CV-467S, 2020 WL 33125, at *4 ("Alleging a defendant's exposure to information concerning a longstanding or pervasive risk, along with allegations of the harm the plaintiff suffered, can therefore suffice to state a claim for defendant's knowledge of that risk.").

Here, Plaintiff has alleged a sufficiently serious harm, sexual assault, to satisfy the objective element of his Fourteenth Amendment claim. Further, his allegations indicate that DOC had a profile that contained information that should have prevented the risk of harm to Plaintiff posed by his contact with Perez-Rivera and that the Doe defendants should have known about this information.

These allegations suggest that Lang can plausibly allege a Fourteenth Amendment failure to protect claim. However, because Plaintiff is only suing unidentified Doe defendants in their individual capacities for damages, they must be identified before they can be served with the complaint.

Additionally, the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). Plaintiff's allegations indicate that Sheriff Jane Doe removed his handcuffs and placed him in the cell with Perez-Rivera.[6] However, Plaintiff has not otherwise alleged specific conduct with respect to the other Doe defendants' personal involvement in the asserted failure to protect him from Perez-Rivera.

Plaintiff's failure to protect claims are dismissed without prejudice with leave to amend to identify at least one Doe defendant, name all defendants in the case caption, and provide more specific allegations regarding each defendants' personal involvement in the failure to protect him from Perez-Rivera.

**ORDERS**

For the foregoing reasons, the Court DISMISSES the claims against DOC and the Waterbury Superior Courthouse with prejudice. The claims against all Doe defendants are DISMISSED without prejudice because the court cannot serve the unidentified defendants without their names. If the plaintiff can identify any of the Doe defendants, he may file, on or before April 8, 2020, an amended complaint that identifies at least one Doe defendant by name and alleges the personal involvement of the Doe defendants in the constitutional violation.

---

[6]The Court notes, however, that Plaintiff has not alleged that the Sheriff Doe defendants had access to this DOC computer profile.

5

Plaintiff must also list all defendants in the case caption. Failure to file an amended complaint on or before April 8, 2020 will result in a dismissal of this case.

**SO ORDERED** this 7th day of February 2020, at Bridgeport, Connecticut.

__/s/_____
Kari A. Dooley
United States District Judge