UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YUSEF LANG,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :　　3:19cv1967 (KAD) |
| CONNECTICUT DEPARTMENT OF<br>CORRECTIONS/SUPERIOR<br>COURTHOUSE AT WATERBURY,<br>CONNECTICUT,<br>　　Defendants. | :<br>:<br>:<br>:<br>:<br>: |

## **INITIAL REVIEW ORDER RE: MOTION TO AMEND**

On December 13, 2019, the plaintiff, Yusef Lang, an inmate who is currently confined at Carl Robinson Correctional Institute ("CRCI"), brought this action under 42 U.S.C. § 1983, stemming from his placement on April 1, 2019, in a Waterbury Courthouse cell with another prisoner, who sexually assaulted him. [ECF No. 1].[1] In the caption of the complaint, Plaintiff named defendants Connecticut Department of Correction ("DOC") and the Superior Courthouse at Waterbury. However, in Section C of his complaint, Plaintiff named several other defendants: two Sheriff John Doe defendants, a Sheriff Jane Doe defendant, and two New Haven Correctional Center ("NHCC") Correction Officer John Doe defendants.[2]

Upon initial review, the Court dismissed the claims against the DOC and the Waterbury Superior Courthouse with prejudice. ECF No. 11 at 5. The Court dismissed without prejudice the

---

[1] Plaintiff is now proceeding *pro se* and *in forma pauperis.*

[2] Federal Rule of Civil Procedure 10(a) provides: "Every pleading must have a caption ... [and] [t]he title of the complaint must name all the parties." Although Plaintiff has not named the Doe defendants in the caption as required by Federal Rule of Civil Procedure 10, the Court considers the complaint to be alleged against the John Doe and Jane Doe defendants named in Section C of the complaint. *See Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) ("We will ... excuse technical pleading irregularities as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party.").
!

claims against the Doe defendants because they could not be served without being identified. *Id.* The Court advised Plaintiff that he could file an amended complaint that identified at least one Doe defendant by name prior to April 8, 2020, and that he must allege the personal involvement of the defendants in the alleged constitutional violation. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). The Court noted that Plaintiff alleged that Sheriff Jane Doe removed his handcuffs and placed him in the cell with Perez-Rivera, but Plaintiff did not otherwise allege specific conduct with respect to any of the other Doe defendants.

Plaintiff filed a motion to amend, asserting that Sheriff Cica, Sheriff Jane Doe and Supervisor John Doe, who was the shift commander, failed to review the "Keep Separate" information in the computer profiles for both Plaintiff and prisoner Perez-Rivera.[3] ECF No. 12 at 1. He alleges that this failure resulted in Sheriff Jane Doe placing him in a cell with Perez-Rivera, who sexually assaulted him. *Id.*

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[3]Because Plaintiff's motion to amend does not refer to any DOC correction officers, it appears that Plaintiff is no longer pursuing his claims against the two New Haven Correctional Center John Doe Correction Officer defendants.

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

**DISCUSSION**

As discussed in this Court's prior initial review order, Plaintiff asserts that the defendants failed to protect him from the assault. Since he appears to have been a pretrial detainee at the time of the incident, his claims are assessed under the Fourteenth Amendment.[4] *See Villar v. Cty. of Erie*, No. 13-CV-467S, 2020 WL 33125, at *4 (W.D.N.Y. Jan. 2, 2020) (Fourteenth Amendment standards apply to pretrial detainee failure to protect claim). To plausibly allege a failure-to-protect claim under the Fourteenth Amendment, a plaintiff must satisfy both an objective prong and a subjective, *mens rea,* prong. *Scott v. Westchester Cty.*, No. 18 CV 7203 (VB), 2020 WL 364251, at *7 (S.D.N.Y. Jan. 22, 2020). Objectively, a plaintiff must allege that the condition about which he complaints is "sufficiently serious to constitute objective

---

[4] On July 9, 2019, Plaintiff received a four-year sentence. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (the Court may "take judicial notice of relevant matters of public record.").

deprivations of the right to due process." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To allege the *mens rea* prong, a plaintiff must allege "that the defendant-official acted intentionally ... or recklessly failed to act with reasonable care to mitigate the risk that the condition posed ... even though the defendant-official knew, or should have known," of the risk. *Id.* 849 F.3d at 35; *see also Villar*, No. 13-CV-467S, 2020 WL 33125, at *4 ("Alleging a defendant's exposure to information concerning a longstanding or pervasive risk, along with allegations of the harm the plaintiff suffered, can therefore suffice to state a claim for defendant's knowledge of that risk.").

Here, Plaintiff has alleged a sufficiently serious harm, sexual assault by Perez-Rivera, so as to satisfy the objective element. And while he does not allege that the Defendants acted intentionally, he does allege that they should have known about the "Keep Separate" information in his and Perez-Rivera's computer profiles. Whether the defendants acted with the requisite *mens rea* can be explored through discovery. Construing the allegations liberally for purposes of initial review, the Court finds Plaintiff has plausibly alleged a Fourteenth Amendment failure to protect claim. The Court recognizes that Plaintiff's allegations are still somewhat conclusory with respect to the personal involvement of each defendant, but the Court will permit Plaintiff's claims to proceed against Sheriff Cica, Sheriff Jane Doe and Supervisor John Doe in their individual capacities for further development.

**ORDERS**

The Court enters the following orders:

(1) The motion to amend [ECF No. 12] is GRANTED. The case shall proceed against Sheriff Cica, Sheriff Jane Doe, and Supervisor John Doe on Plaintiff's Fourteenth Amendment claim arising out of their purported failure to protect him from Perez-Rivera.

(2) The clerk shall mail a waiver of service of process request packet containing the

Plaintiff's complaint [ECF No. 1], the Initial Review Order [ECF No. 11], the motion to amend [ECF No. 12] and this Order to Sheriff/Judicial Marshal Cica at the Waterbury Courthouse, 400 Grand Street, Waterbury, 06702, on or before April 27, 2020, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d). **The Clerk shall send a courtesy copy of the service packet to Assistant Attorney General Madelaine Melchionne at the Office of the Attorney General.**

(3) The Clerk cannot effect service on a Doe defendant without that defendant's full name and current work address. Plaintiff may obtain this information through discovery and may file a notice containing the information with the court. **If such notice is provided by the Plaintiff, the court will order that the Defendants identified be served with a copy of the complaint. Failure to identify a Doe defendant will result in the dismissal of all claims against that defendant.**

(4) Defendant Cica shall file the response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to him. If defendant chooses to file an answer, defendant shall admit or deny the allegations and respond to the cognizable claims recited above. Defendant may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by October 6, 2020. Discovery requests need not be filed with the Court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial

Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(7) All motions for summary judgment shall be filed on or before November 6, 2020.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(10) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendant's counsel by regular mail.

**SO ORDERED** this 6th day of April 2020, at Bridgeport, Connecticut.

\_\_\_/s/_____
Kari A. Dooley
United States District Judge