UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YUSEF LANG, <br>   *Plaintiff*, <br> <br> v. <br> <br> DEPT. OF CORRECTIONS, et al, <br>   *Defendants*. | 3:19-CV-1967 (OAW) |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS ACTION** is before the court upon Defendants' Motion for Summary Judgment and memorandum in support thereof (together, "Motion"). *See* ECF Nos. 78 and 78-1. The court has reviewed the Motion, Defendants' Statement of Facts ("Defendants' SOF") and all appurtenant exhibits, *see* ECF Nos. 78-2 thru 78-11, Plaintiff's opposition brief, *see* ECF No. 79, Plaintiff's Statement of Facts ("Plaintiff's SOF") and all exhibits thereto, *see* ECF Nos. 79-1 thru 79-9, Defendants' reply brief, *see* ECF No. 80, and the record in this matter, and is thoroughly advised in the premises. After careful review, the court concludes that the Motion must be **GRANTED.**

### I.   BACKGROUND[1]

On April 1, 2019, Plaintiff was being held in the Waterbury Courthouse ("Waterbury") as an unsentenced pretrial detainee. ECF No. 79-1 at ¶¶ 1–2 and

---

[1] All factual assertions are taken from Defendants' SOF and Plaintiff's SOF and the exhibits incorporated therein, but for ease of reference all citations herein will be to Plaintiff's SOF, which reproduces Defendants' SOF. All citations are to the internal pagination of these documents, except where there is no such pagination, in which case the citation is to the pagination assigned by the court's electronic filing system.

responses. Defendants[2] were Judicial Marshals working in the area where Plaintiff was held. *Id.* at ¶ 3 and response. It is undisputed that the Department of Correction ("DOC") had imposed a "separation profile" for Plaintiff and another individual, who also happened to be detained at Waterbury on the date in question.[3] *Id.* at ¶ 24 and response.[4] DOC is supposed to alert the Marshals to a separation profile through a "face sheet" that notes all the essential information for any prisoner being transported to a courthouse. *Id.* at ¶¶ 10–12, 15; *see also* ECF No. 79-7 at 220–21.[5] The face sheets are used to verify a Custody List generated by the Marshals, which tracks all the prisoners within their care on any given day. ECF No. 79-1 at ¶¶ 13–14 and responses.[6] Separation profiles are noted on the Custody List. *Id.* at ¶ 15 and response.[7]

It is undisputed that no separation profile was noted on the Custody List for the day in question. ECF No. 78-5. Plaintiff alleges that he was placed into a holding cell with the inmate from whom he was to be kept separate, and that said inmate grabbed his genitals and threatened him. ECF No. 36 at ¶¶ 12–14. It is undisputed that he did not alert the Marshals to the incident at the time, even when they later briefly returned him to the same cell with the same individual. *Id.* at ¶¶ 15, 17; ECF No. 79-1 at ¶¶ 36–37.

---

[2] Reference to "Defendants" in this order will refer to Defendants Sica, Messer-Dodd, and Knapp, the only three defendants who have not yet been dismissed from this action.

[3] There is no dispute that this separation profile existed (warning that Plaintiff and another individual should be kept apart from one another), though the actual separation profile itself does not appear to have been included in **any** part of the record in this case. The only proof it existed seems to come from Plaintiff's own assertion in his complaint, and Defendants' affidavits stating they did not know it existed. ECF No. 1 at 10; ECF No. 78-4; ECF No. 78-8; ECF No. 78-9. The court only accepts this fact as true because Defendant Knapp explicitly affied to having seen the separation profile. ECF No. 78-9 at ¶ 31.

[4] Plaintiff objects to the assertion that Defendants did not know about the profile, but not to the fact of its existence.

[5] It appears from DOC policy provided by Plaintiff as an exhibit, *see* ECF No. 79-7 at 220–21, that DOC staff also is supposed to give Marshals verbal notice of a separation order, but this is not mentioned anywhere in the parties' briefs, thus the court presumes no such verbal notice was provided in this case.

[6] Plaintiff objects to the assertion that Defendant Messer-Dodd properly reviewed the face sheets, but not as to the information they contain or how they are supposed to be used.

[7] Plaintiff asserts that Defendants did not follow these procedures, but does not dispute that they exist.

Plaintiff has asserted a claim under 42 U.S.C. § 1983 for Defendants' alleged failure to protect him while he was in custody. ECF No. 36. Defendants have moved for summary judgment, arguing (1) that there is no evidence to support the claim, and (2) that they are entitled to qualified immunity.

## II.  LEGAL STANDARD

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). The movant bears the burden of demonstrating that there is no genuine issue of material fact. *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *McCarthy v. Am. Int'l Grp., Inc.*, 283 F.3d 121, 124 (2d Cir. 2002) (quoting *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1535 (2d Cir.1997)). If "there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." *Id.*

To defeat a summary judgment motion, however, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998). Rather, the nonmoving party must point to "specific facts in dispute to show that there is a *genuine issue for trial*." *Matsushita,* 475 U.S. at

587 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).  If the nonmoving party submits evidence that is "merely colorable," or that is not "significantly probative," then summary judgment still may be granted.  *Horror Inc. v. Miller*, 15 F.4th 232, 240–41 (2d Cir. 2021).

When reviewing a summary judgment motion, the court construes the cited evidence in the light most favorable to the nonmoving party and "resolves all ambiguities and draws all reasonable inferences against the moving party."  *Horror*, 15 F.4th at 240.

### III.  DISCUSSION

To carry a Fourteenth Amendment failure-to-protect claim , a plaintiff must show (1) a harm serious enough to constitute an objective deprivation of due process rights, and (2) that the defendants at least should have known of the risk of such a harm.  *Lang v. Connecticut Dep't of Corr./Superior Courthouse at Waterbury, Connecticut*, No. 3:19CV1967 (KAD), 2020 WL 1676939, at *2 (D. Conn. Apr. 6, 2020).  Although Defendants dispute whether the assault actually happened, the court accepts for purposes of this discussion that it did happen, and moreover that it satisfies the first element of the claim.

Turning to the second element, the court takes as given (again, only for purposes of this discussion) that if Defendants at least should have had knowledge of the separation profile, then placing the subjects of that profile into the same cell would be sufficient to carry Plaintiff's claims past summary judgment.  The question, then, is whether there is any evidence from which a reasonable juror could conclude that Defendants did have or should have had knowledge of the separation profile.  It is undisputed that the only way Defendants could have known about the separation profile is if it had been brought to

4

their attention by DOC, via Plaintiff's face sheet.  Further, the court accepts for purposes of this discussion that if the profile had been so noted, then Defendants should have known about it.  Thus, the true dispositive question in this action is whether the separation profile was noted on Plaintiff's face sheet.

Unfortunately, there is little evidence to review on this point.  The face sheet in question has not been submitted by either party.  Face sheets are returned to DOC along with the inmates, ECF No. 79-1 at ¶ 10, and so the face sheet in question now is lost.[8]  Defendants each have filed an affidavit attesting that they did not know about the separation profile and that they were not provided with the profile by DOC.

It appears that Plaintiff never saw the face sheet, and thus cannot attest that the opposite is true.  He claims to present evidence of Defendants' general poor performance, and argues that their self-serving affidavits must be regarded with some skepticism.  He further asserts that the processes in place to inform Marshals of a separation profile were so stringent that it is implausible that DOC failed to provide such notice to the Marshals.

The court acknowledges that circumstantial evidence alone can be used to show a genuine of issue of fact sufficient to merit denial of summary judgment.  *See Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998) (finding that circumstantial evidence, combined with the possibility that a jury might choose to draw an inference favorable to the plaintiff, "is enough to entitle plaintiff to a jury trial.").  The court also acknowledges that in this particular scenario, Plaintiff had access to nothing but circumstantial evidence, given that the face sheet itself was never in his control.

---

[8] Plaintiff notes that he attempted to discover the face sheet but was informed it does not exist anymore. However, he does not argue that spoliation of evidence occurred, and so the court presumes this key document was destroyed in the normal course of business.

Nevertheless, the court cannot find that Plaintiff's bald, unsupported assertion that Defendants knew about the separation profile is enough to save his claim from summary judgment. In the first instance, the circumstantial evidence he points to is so attenuated as to border upon mere speculation. *See, e.g.,* ECF No 79-1 at ¶ 28 and response (objecting that Defendants "*could have* been" given the separation profile, without concrete evidence that such was the case) (emphasis added). Moreover, the court is not persuaded that the record evidence establishes that Defendants were so lax in the general execution of their duties that it is reasonable to infer that they were lax in their observation of the separation profile.

Plaintiff asserts that some defendants knew about the separation profile; that Marshals were not always in the area of the courthouse to which they were assigned; that Marshals did not accurately log their tours of the cellblock such that it is not assured that the tours even happened; and that the Custody List was unreliable. But the evidence he cites does not support these assertions. For example, the deposition testimony he references in support of the claim that Marshals did know about the separation profile only shows that one of the defendants was told of the separation profile *in preparation for this litigation.* ECF No. 79-5 at 18:6–11. *See also* ECF No. 78-4 ¶¶ 39–42 (Marshal Messer-Dodd declaring a lack of knowledge and a lack of receipt of the separation profile, whereas Plaintiff avers that certain Marshals knew of the order but failed to share it); and ECF No. 78-5 (the Prisoner Custody List, showing no indication of a separation order, and not that one was known to the Marshals). The evidence he cites for the proposition that Marshals were out of their assigned positions shows only that Marshals sometimes covered tours for each other depending upon who was free at the relevant time. ECF No.

6

79-4 at 11:20–25.  The evidence intended to show that the log of cellblock tours was unreliable only shows that the system for logging cellblock tours was time-stamped at the time an entry was made, not at the time a tour was actually taken (but not that the tours did not happen at all).  ECF No. 79-5 at 81:1–18.  There is record evidence that confirms that sometimes Marshals failed to note whether a prisoner had returned to the cellblock after a presentation in court.  ECF No. 79-4 at 30:5–21.  Still, this does not lead to a reasonable inference that the Marshals are prone to making serious errors that endanger inmates' safety.

Further, review of the DOC policy governing transfers to court shows that DOC personnel are tasked with reviewing who will be at a particular court on a particular day, and with informing the Marshals of any separation profile both verbally and in the comments section of the face sheet.[9]  ECF No. 79-7 at 220–21.  It appears that this information is filtered through several layers of communication.  *Id.*  It also appears the information often is handwritten and not automatically generated by a computer program.  ECF No. 79-3 at 24:15–18.  Thus, the court is not persuaded that there are such stringent safeguards in place that there is no room for human error before the information is to reach the Marshals.  Consequently, although the Custody List for the date in question does not note the separation profile, this is not evidence that Defendants simply neglected to note it, as Plaintiff contends.

Given the lack of a genuine issue of material fact, the court must grant Defendants' motion for summary judgment.  Having found that there is insufficient record evidence to

---

[9] The policy calls it an "Inmate Overview Sheet," but the court presumes these are the same thing.

7

support Plaintiff's claim, the court need not address whether Defendants also are entitled to qualified immunity.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment, ECF No. 78, is **GRANTED.** The Clerk of Court is asked, respectfully, to please enter judgment in Defendants' favor and to close this case. The court thanks Attorney Dion for serving as appointed counsel in this matter.

**IT IS SO ORDERED** at Hartford, Connecticut, this 28th day of July, 2023.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE